IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOHAMMAD ANWAR HOSSAIN, #221146817, | § § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | No. 3:25-cv-0418-K-BT |
| US IMMIGRATION AND CUSTOMS ENFORCEMENT, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Alien detainee Mohammad Anwar Hossain—who is under a final order of removal and who has been in detention for more than six months awaiting his removal—filed a letter with this Court that appears to be an appeal to the Dallas U.S. Immigrations Customs Enforcement (ICE) field office to grant him an "order of supervision." ECF No. 3. In an abundance of caution, the Court construed Hossain's letter as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. However, the Court instructed Hossain that it required additional information. It explained that if Hossain meant to send his letter to the Dallas ICE Field Office and does not seek any relief from this Court, he may so advise the Court, and the Court will dismiss his federal case under Federal Rule of Civil Procedure 41(a). But if he instead seeks federal habeas relief, his petition is deficient and he must (1) file an amended habeas petition on the Court-approved form, and (2) pay the $5.00 filing

fee or file an application to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account. The Court warned Hossain that his failure to comply with the Court's instructions could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow court orders. *Id.*

Hossain's deadline to comply with the Court's order has passed, and he has not filed complied with the Court's instruction or taken any other action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se,* as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Hossain's failure to comply with the Court's instructions prevents this case from proceeding. The Court cannot be sure Hossain seeks federal habeas relief unless he files the court-approved form that provides the basis for his challenge. Without this information, the Court must speculate about the nature of Hossain's challenge. Accordingly, unless Hossain files a habeas application on the Court-approved form and pays the $5.00 filing fee or files an application to proceed IFP with the required certificate of inmate trust account during the time to object to this recommendation (explained below), or by some other deadline established by the Court, the Court should dismiss his case without prejudice for failure to prosecute and failure to follow Court orders. *See, e.g.*, *Gallagher v. Dallas County*, 2023 WL 5337833, at *2 (N.D. Tex. June 26, 2023) ("The petitioner was given thirty days to file an amended § 2241 petition on the correct form and to either pay the filing fee or submit an IFP application supported by a certificate of inmate trust account or comparable form, such as a residency account summary. He was specifically warned that failure to do so could result in dismissal of this action. Because he failed to comply with the order, this case should be dismissed for failure to prosecute or follow an order of the court.").

## Recommendation

Unless Mohammad Anwar Hossain files a habeas petition on the Court-approved form and pays the $5.00 filing fee or files an application to proceed IFP within the time to file objections to this recommendation (explained below), or by

3

some other deadline established by the Court, the Court should dismiss his case without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution and for failure to follow Court orders.

SO RECOMMENDED.

October 28, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).